FRANK N. DARRAS #128904, Frank@DarrasLaw.com
LISSA A. MARTINEZ #206994, LMartinez@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone: (909) 390-3770
Facsimile: (909) 974-2121

Attorneys for Plaintiff
JAMES FENDICK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JAMES FENDICK, | Case No: |
|---|---|
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |
| vs. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of

the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Lockheed Martin Corporation Long Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Lockheed Martin Corporation ("LOCKHEED") to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, JAMES FENDICK ("Plaintiff" and/or "Mr. FENDICK"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a resident and citizen of the United States, an employee of LOCKHEED, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number LK-008348 that had been issued by Defendant LINA to LOCKHEED to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policies promised to pay Plaintiff monthly long term disability benefits for a specified period of time should he become disabled. Therefore, LINA both

funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Benefit Waiting Period: 180 Days
- Monthly Benefits: The lesser of 60% of an Employee's monthly Covered Earnings rounded to the nearest dollar or the Maximum Disability Benefit.
- Minimum Disability Benefit: $200
- Definition of Disability/Disabled:
    - The Employee is considered Disabled if, solely because of Injury or Sickness,
        - He or she is unable to perform each and every material duty of his or her regular occupation; and
        - After Monthly Benefits have been payable for 24 months, he or she is unable to perform each and every material duty of any occupation for which he or she may reasonably become qualified based on education, training or experience.

10. Prior to his disability under the terms of the Plan, on or about July 25, 2009, Plaintiff, who had been employed with LOCKHEED, was working as a Materials Distribution Handler.

11. However, Plaintiff became disabled under the terms of the Plan and timely submitted a claim to LINA for payment of disability benefits.

12. LINA subsequently paid Plaintiff benefits through December 5, 2013.

13. However, on or about December 5, 2013, LINA unreasonably and unlawfully denied Plaintiff's claim. And, on or about September 18, 2014 and August 19, 2015, LINA unreasonably and unlawfully upheld its denial of Plaintiff's claim.

14. According to LINA's denial letters:

- **September 18, 2014**: "After completing our review of your claim, we are unable to continue paying benefits beyond December 5, 2013…You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

- **August 19, 2015**: "We have completed our review of your appeal for LTD benefits under the above captioned policy and must advise you that we are affirming our previous denial of benefits dated December 5, 2013…At this point in time you have exhausted all administrative levels of appeal and no further appeals will be considered. Please note that you have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a)…"

15. In so doing, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's own, or any, occupation; and misrepresented the terms of the Policy.

16. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, including, but not limited to, the following:

- <u>01/08/2013 MRI Cervical Spine</u>:
    - At C3-C4, there is mild anterolisthesis of C3 on C4. There is bilateral uncovertebral joint hypertrophy.

/ / /

/ / /

- At C4-C5, there is severe degenerative disc disease with disc space narrowing and sclerosis. There is small disc osteophyte complex with bilateral uncovertebral joint hypertrophy.
- At C5-C6, there is severe degenerative disc disease with disc space narrowing and sclerosis. There is a disc osteophyte complex with a prominent right paracentral disc protrusion. There is bilateral uncovertebral joint hypertrophy. The right paracentral disc protrusion appears to deform the ventral aspect of the thecal sac but no cord compression is identified. There is very mild central canal narrowing and there is no neural foraminal narrowing.
- At C6-C7, there is advanced degenerative disease with disc space narrowing and sclerosis. There is prominent disc osteophyte complex. Findings combine to cause mild central canal narrowing. There is also mild left neural foraminal narrowing.

- <u>05/10/2014 Appeal by Mr. Fendick</u>:
  - I continue to suffer with chronic back and leg pain, with both my legs experiencing 24/7 leg spasms, and cramping is frequent. I still experience chronic pain in both arms and into my fingers. I have been under treatment for this condition with several physicians for many years. Surgery has approved (sic) part of this condition for my right wrist.
  - With all this pain and discomfort, it is difficult to get sleep throughout the evenings. I will nap frequently throughout the day. Sleep Apnea doctor appointment is scheduled later this month with hopes to help in this matter.
- <u>01/09/2015 Letter of Support from Mr. Fendick's Treating Provider</u>:
  - James Fendick is under my care for his chronic low back pain. He had lumbar laminectomy and then fusion but continue to have

chronic disabling low back pain. Recently his pain has increased and he is not able to sit or stand for more than 15 minutes at a time due to pain and muscle spasms. He states that he can only sit or stand for about 15 minutes at one time and that he spends 75% of his day at home laying (sic) down with a pillow under his knees.
- In my opinion his disability level is marked which is in agreement with IME performed by Dr. Feraccio in 2013. He had function capacity evaluation in 2012 and was found to be not capable of return to any work.
- Due to fail back surgery resulting in chronic pain, he is not able to bend, twist, knee, crouch, craw(sic), push, pull, or climb at all.
- In my opinion he is not capable of return to work at this time.

- <u>03/11/2015 MRI Lumbar Spine</u>:
  - At L1-L2, there is diffuse disc bulge eccentric to the right. There is facet joint hypertrophy. There is no central or significant foraminal narrowing.
  - At L3-L4, there is a disc bulge with a right foraminal/extraforaminal disc protrusion which abuts the exiting right L3 nerve root. Correlation with patient's symptoms is recommended. There is no significant central canal narrowing. There is mild right foraminal narrowing.
  - At L4-L5, there is a broad-based central disc protrusion. There is minimal disc bulge. There is no significant central or foraminal narrowing.
  - IMPRESSION:
  - There is re-demonstration of operative changes at L2-3 and L5-S1 as described above without significant change. There is no evidence for recurrent disc herniation.

- o There is a right foramina/extraforaminal disc protrusion at L3-L4 which appears to abut the exiting right L3 nerve root. Correlation with patient's symptoms is recommended.

- <u>03/12/2015 Office Visit Note from Mr. Fendick's Treating Physician</u>:
    - o The patient seems quite uncomfortable in any position. He still had radiation of pain coming into the anterior part of the thigh, into the groin, down to the knee but clearly seems like L3 radiculopathy. MRI scan of the lumbosacral spine was performed since his last visit and clearly shows new finding of herniated lumbar disc at right L3-4 catching the right L3 nerve root outside the neural foramen.
    - o On examination he has moderate paraspinal muscle spasm in the posterior lumbar region. Straight leg raising sign is positive bilaterally. He reports weakness in both legs, but seems to be slightly more right iliopsoas muscle. Deep tendon reflexes show slightly depressed right knee reflex.
- <u>03/24/2015 Functional Abilities Form from Functional Capacity Examiner</u>:
    - o Functional Capacities/Exertional Abilities:
        - Lift/Carry up to 10 lbs.
        - Pull/Push up to 10 lbs.
        - Sitting
        - Standing
        - Walking
        - Kneeling
        - Bending/Stooping/Squatting
        - Simple grasping
        - Fine Manipulation
        - Reaching overhead

- Reaching at/or below shoulder level
- Driving a vehicle
    - "Patient was not found to be a good candidate to return to work…"

17. To date, even though Plaintiff was disabled under the terms of the Plan, LINA has not paid Plaintiff any disability benefits under the Policy since on or about December 5, 2013. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and, failing to provide a complete copy of all documents, records, and other information relevant to her claim despite a request by Plaintiff in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);
- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,
- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physician's opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physician's opinion does not serve as substantial evidence, as it is not supported by evidence in the claim file, was not issued by a physician with the same level of medical expertise as the board certified treating physicians, nor is it consistent with the overall evidence in the claim file.

18. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the

evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

19. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

20. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about December 6, 2013 to the present date.

21. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

22. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid to Plaintiff beginning on or about December 6, 2013, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: July 14, 2016

DarrasLaw

FRANK N. DARRAS
LISSA A. MARTINEZ
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
JAMES FENDICK